IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| GARY STEVEN NASH,<br><br>               Plaintiff,<br>v.<br><br>STATE OF UTAH,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:15-cv-00071-DAK-BCW<br><br>District Judge Dale A. Kimball |

This matter is before the Court on (1) Defendant State of Utah's Motion to Dismiss[1] and (2) Plaintiff's Motion to Strike Defendant's Motion to Dismiss.[2]  The Court has carefully reviewed the motions and memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motions on the basis of the written memoranda and finds oral argument would not be helpful or necessary.[3]  For the reasons set forth more fully below, the Court finds the State of Utah is immune from suit and therefore the Court lacks subject matter jurisdiction over Plaintiff's claims.  Therefore, Defendant's Motion to Dismiss is GRANTED and Plaintiff's Motion to Strike Defendant's Motion to Dismiss is DENIED.

---

[1] Docket no. 10.

[2] Docket no. 15.

[3] *See* DUCivR 7-1(f).

## BACKGROUND

On June 2, 2015, the Court granted *pro se* Plaintiff Gary Steven Nash ("Plaintiff") leave to proceed *in forma pauperis*.[4]  On the same date, Plaintiff filed a Complaint against the State of Utah ("Defendant").[5]  Plaintiff's Complaint alleges Defendant has improperly and unconstitutionally ignored and/or violated federal laws protecting Plaintiff's service connected disability benefits.  Specifically, Plaintiff alleges that Title 38 United States Code § 5301(a) bars the State of Utah from counting his service benefits as income for child support purposes. Plaintiff seeks declaratory and monetary relief but asserts that "Plaintiff was finally able to get the [alleged] violation of the law corrected."

## ANALYSIS

At the outset, the Court notes Plaintiff is proceeding *pro se* in this case.  Accordingly, the Court will construe his pleadings and other submissions liberally.[6]  At the same time however, it is not "…the proper function of the district court to assume the role of advocate for the pro se litigant."[7]  The Court also notes at the outset that there has been some discussion in the briefing as to whether or not Defendant has defamed Plaintiff by asserting Plaintiff has refused to pay his child support.  The Court finds Defendant's pleadings do not defame Plaintiff and agrees "the State of Utah's Reply brief contains legal argument and nothing more."[8]

In addition, upon review of Plaintiff's "Motion to Strike" Defendant's Motion to Dismiss, the Court agrees with Defendant that "Plaintiff has provided the Court with no plausible reason

---

[4] Docket no. 2.

[5] Docket no. 3.

[6] *See e.g., Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, (1972).

[7] *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] Docket no. 16.

as to why the legal arguments of the State of Utah should be stricken." Therefore, the Court DENIES Plaintiff's Motion to Strike.

Turning to Defendant's Motion to Dismiss, Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a case for lack of subject matter jurisdiction, and "an assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court."[9] The Eleventh Amendment states "[t]he Judicial power of the United States shall not be construed to extent to any suit in law or equity, commenced or prosecuted against on the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Amendment bars suits for damages against a state in federal court absent a waiver of immunity by the state.[10] For a state to consent to suit, it must do so expressly and unequivocally.[11]

### a.  38 U.S. § 5301(a)

Here, Plaintiff contends the State of Utah has waived its Eleventh Amendment immunity under 38 U.S.C. § 5301(a) by subjecting itself to Congress's Article I powers when the State of Utah joined the United States as a state.  38 U.S.C. §5301(a)(1) provides:

> Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt of the beneficiary.  The preceding sentence shall not apply to claims of the United States arising under such laws nor shall the exemption therein contained as to taxation extend to any property purchased in part of wholly out of such payments.  The provisions of this section shall not be

---

[9] *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

[10] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *see also Kimel v. Florida Board of Regents*, 528 U.S. 62, 73 (2000)("[F]or over a century now, we have made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting states.")

[11] *Kimel* at 73. ("To determine whether a federal statute properly subjects States to suits by individuals, we apply a 'simple but stringent test: 'Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute.")

construed to prohibit the assignment of insurance otherwise authorized under chapter 19 of this title, or of the serviceman's indemnity.

Upon review of this statute, the Court first finds that Plaintiff has failed to present any evidence that persuades the Court that the State of Utah has chosen to waive its Eleventh Amendment Immunity with respect to private suits brought under 38 U.S.C. § 5301(a).   The Court further finds that 38 U.S.C. § 5301(a) itself does not make clear whether States are subject to suits by individuals for violations of this statute as alleged in the instant case.  In other words, the language contained in the statute does not unmistakably indicate it was Congress's intention to abrogate the states immunity under the Eleventh Amendment.[12]

As to Plaintiff's sole argument in favor of finding a waiver of immunity, the U.S. Supreme Court has made clear that any argument under Article I must be rejected.  In *Kimel v. Florida Board of Regents,* the Supreme Court adhered to its holding in *Seminole Tribe of Florida v. Florida* where the Court found "Congress' powers under Article I of the Constitution ***do not*** include the power to subject States to suit at the hands of private individuals."[13]  Therefore, Plaintiff's argument regarding Article I has squarely been rejected by the Supreme Court and therefore lacks merit.

b.   **42 U.S.C. § 1983**.

Defendant  argues that 42 U.S.C. § 1983 "provides Plaintiff with the sole vehicle through which a civil rights cause of action could be brought."[14] The Court notes that Plaintiff's Complaint does not contain a cause of action under § 1983.  Rather, Plaintiff's Complaint appears to be based solely on an alleged violation of 38 U.S.C. § 5301(a).  In addition,  Plaintiff concedes "[a]lthough Civil Rights is an aspect of this case, it is not the main basis under which

---

[12] *Id.*

[13] *Id.* at 80 (emphasis added).

[14] Docket no. 14.

4

this case was filed. It was filed under other federal statute and not civil rights."[15] Given that *pro se* pleadings must be liberally construed, Plaintiff' allegations may be characterized as seeking redress for constitutional violations under § 1983 as Defendant seems to suggest.  However, "it is well settled that a state is not a 'person' within the meaning of section 1983.[16]  So any claim under §1983 that Plaintiff may have in the present lawsuit fails as a matter of law.

Because the Court finds Defendant has not waived its Eleventh Amendment immunity by "express and unequivocal" language as to "leave no room for any reasonable construction" that it consents to suit, Eleventh Amendment immunity bars Plaintiff's claims.[17]

## CONCLUSION & ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1)  Defendants' Motion to Dismiss[18] is GRANTED.

2)  Plaintiff's Complaint is to be DISMISSED with prejudice.

3)  Plaintiff's Motion to Strike[19] is DENIED.

4)  The Clerk of Court is ordered to close this case.

---

[15] Docket no. 11.

[16] *Harris v. Champion,* 51 F.3d 901, 905-906 (10th Cir. 1995); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

[17] *V-I Oil Company v. Utah State Department of Public Safety*, 131 F.3d 1415, 1421 (1997). Because the Court has found that Plaintiff's claims are barred by the Eleventh Amendment the Court will not reach the issue raised by Defendant and refuted by Plaintiff that the alleged violation is not ongoing.  Even if Plaintiff's claims were ongoing they would be barred from suit in this court for the reasons stated above.

[18] Docket no. 10.

[19] Docket no. 15.

DATED this 15 March 2016.

BY THE COURT:


Dale A. Kimball
United States District Judge